Ladue agt. Andrews.

# SUPREME COURT.

## DANIEL W. LADUE agt. MARY E. ANDREWS.

*Pleadings — Complaint — Answer — Verification — Practice — construction of sections 524 and 526 of the Code of Civil Procedure.*

None of the allegations of the complaint are " stated to be made on information and belief of the party ; " to the complaint was a verification on affidavit to the effect that the allegations "*are true* of his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it true."

*Held,* that the verification was sufficient.

Section 524 of the Code of Civil Procedure provides as to the allegations in pleadings, viz. : " Unless they are therein stated to be made upon the information and belief of the party, *they must* be *regarded* for *all purposes*, including a criminal prosecution, as having been made upon the knowledge of the person verifying the pleading." It is the duty of the court, as well as of the parties, to regard the allegations in the complaint, " as having been made upon the knowledge of the person verifying the same." The other words of the affidavit are surplusage, and do not impair the force of a verification of the whole allegations as being true to the knowledge of the deponent.

It was entirely sufficient for the party making the affidavit to state that the allegations are true. If they were not true, the only remedy the defendant has is (1), to deny them in her answer, and (2) to pursue the party making the affidavit that they are true for having committed perjury.

The verification to the complaint being sufficient within the provisions of sections 524 and 526 of the Code of Civil Procedure, the defendant was irregular in serving an unverified answer, and the plaintiff, by section 528, might treat it as a nullity at his option.

*Herkimer Special Term, November,* 1877

THE plaintiff served a complaint in which none of the allegations are " stated to be made on information and belief of

Ladue agt. Andrews.

the party," so the complaint was a verification or affidavit to the effect that the allegations "*are true* of his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it true." The defendant served an unverified answer. The plaintiff returned it because it was not verified with due notice thereof, and then the plaintiff entered judgment without assessment by the clerk. The defendant now moves to set aside the judgment as irregular, and insists that the complaint was defectively verified, and therefore the defendant might serve an unverified answer.

*E. E. Sheldon*, for motion.

*Delano A. Champion*, opposed.

HARDIN, *J.* — Section 524 of the Code provides as to the allegations in the pleadings, viz.: "Unless they are therein stated to be made upon the information and belief of the party *they must* be *regarded* for *all purposes*, including a criminal prosecution, as having been made upon the knowledge of the person verifying the pleading." Applying the rule thus laid down, it is the duty of the court as well as of the parties to regard the allegations in the complaint "as having been made upon the knowledge of the parties verifying the same." Being so "regarded," it follows that the affidavit that they "are true of his own knowledge applies to all the allegations, and as it applies to all the allegations it comes within the first mode of verification prescribed by section 526. The affidavit is therefore true " to the effect that the pleading is true to the knowledge of the deponent"

Being wholly true as stated in the affidavit under the rule laid down in section 524, the entire words of the affidavit are surplusage, and do not impair the force of a verification of the whole allegations as being true to the knowledge of the deponent.

Ladue agt. Andrews.

If any of the matters in the complaint had been stated to be alleged upon information and belief, then rule 2, given in section 526, would have been applicable, and the party who verified might state that such allegations as were in the complaint alleged to be stated on information and belief were believed to be true.

But no such case is presented by the complaint in question, and it was entirely sufficient for the party making the affidavit to state that the allegations are true. If they were not true the only remedy the defendant has is (1) to deny them in her answer and (2) to pursue the party making the affidavit that they are true for having committed perjury.

The affidavit in this case as well as the complaint presumably are made with a full knowledge of the rule as to how they shall be " *regarded*," laid down in section 524 (*See Mr. Throop's notes to the section*). It follows from the views stated that the motion to set aside the judgment must be denied, with ten dollars costs.